# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Adonis Newsome,**
**Petitioner Below, Petitioner**

vs) **No. 12-1316** (Cabell County 10-C-322)

**Patrick Mirandy, Warden,**
**Respondent Below, Respondent**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Adonis Newsome, by counsel Jeffrey Bowen, appeals the Circuit Court of Cabell County's order entered on October 12, 2012, denying his amended petition for writ of habeas corpus. Respondent Warden Patrick Mirandy,[1] by counsel Laura Young, filed a response in support of the circuit court's decision, to which petitioner replied. On appeal, petitioner alleges that the circuit court erred in denying his amended petition for writ of habeas corpus because he was sentenced to a more severe and excessive sentence than expected, received ineffective assistance of counsel, and was denied equal protection of the law.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 9, 2003, petitioner was present when Rahim Tye was shot in the head and later died. On that same day, petitioner was present when Joseph Hill was shot in the chest and Darcy Steele was shot in the leg. In September of 2009, petitioner and a codefendant were indicted on one count of murder, one count of first degree robbery, one count of attempted first degree murder, and one count of malicious wounding.

Petitioner's codefendant pled guilty to second degree murder and was sentenced to a term of incarceration of twenty-five years, which was later reduced to a term of incarceration of ten years.[2] Petitioner pled guilty to one count of aiding and abetting second degree murder and one count of malicious assault. Petitioner was sentenced to a term of incarceration of forty years for aiding and abetting second degree murder and a term of incarceration of two to ten years for malicious assault, to run concurrently. Pursuant to the plea agreement, the remaining charges

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced respondent's name with the current Warden, Patrick Mirandy.

[2]The circuit court granted the codefendant's motion for reconsideration in which he requested the benefit of his plea agreement.

1

were dismissed. Petitioner's motion for reconsideration was denied. Petitioner then filed a habeas petition, and counsel was appointed to file an amended petition. The circuit court denied habeas relief after an omnibus hearing.

On appeal, petitioner argues that his sentence was more severe than expected and disproportionate to his codefendant's sentence. Petitioner also contends that he was denied equal protection of the law because he was similarly situated to his codefendant, yet received a materially different term of incarceration. Finally, petitioner argues that his counsel was ineffective because counsel failed to: (1) to reasonably investigate mitigating evidence, (2) inform him of the State's initial plea, (3) fully explain his plea agreement, (4) argue that petitioner was less culpable than his co-defendant, and (5) incorrectly informed him that he would receive the same sentence as his codefendant.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. The circuit court's order reflects its thorough findings of fact and conclusions of law concerning petitioner's arguments raised on appeal. The sentences imposed were within statutory limits and not based on an impermissible factor, nor were they disproportionate to the crimes. Importantly, petitioner was sentenced for an additional crime when compared to his codefendant. When pleading guilty, petitioner was clearly advised of the potential sentence he faced. Finally, "[c]ourts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse." Syl. Pt. 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). Having reviewed the circuit court's "Amended Order Denying Petition For Habeas Corpus Relief" entered on October 12, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 3, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

STATE EX REL, ADONIS NEWSOME,

**FILED**

2012 OCT 12 P 2: 46

Petitioner,

v.

CIVIL ACTION NO. 10-C-322
PAUL T. FARRELL, CHIEF JUDGE

WILLIAM FOX, Warden,
St. Mary's Correctional Center,

Respondent.

## AMENDED ORDER DENYING PETITION FOR HABEAS CORPUS RELIEF

On the 21st day of May, 2012, came Adonis Newsome (hereinafter referred to as the "Petitioner") in person and by counsel, Jeffrey Bowen, and the Respondent by counsel, Douglas V. Reynolds, Assistant Prosecuting Attorney, for a hearing on Petitioner's Petition for Habeas Corpus Relief. Upon review of the pleadings filed herein, the testimony of the witnesses and the arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On March 9, 2003, Rahim Tye, nineteen years old, was shot in the head and died in Cabell County, West Virginia. On March 9, 2003, Joseph Hill was shot in the chest in Cabell County, West Virginia. On March 9, 2003, Darcy Steele was shot in the leg in Cabell County, West Virginia. On September 1, 2003, the Petitioner and Jason C. Brown were indicted by a Cabell County Grand Jury for the murder of Rahim Tye, first degree robbery and attempted 1st degree murder of Joseph Hill, and malicious wounding of Darcy Steele.

Neil R. Bouchillon, a court-appointed attorney practicing in Cabell County, filed a notice of appearance on behalf of Petitioner dated January 9, 2004. At a time unknown, but prior to

January 16, 2004, Mr. Bouchillon was relieved as court-appointed counsel and the Petitioner retained Mark F. Underwood.

During the next eighteen (18) months, Mr. Underwood, on behalf of the Petitioner, filed discovery requests and employed two investigators to assist in the preparation of the trial of this case. Mr. Underwood was assisted at various times by attorneys John Proctor and Courtenay Craig. Following numerous motions for continuances filed jointly by the State or the Petitioner, the trial was scheduled to begin on June 21, 2005.

The record in the case reflects that a jury was summoned to report on the afternoon of June 21, 2005. The record indicates that during a hearing the morning of trial, the prosecutor placed on the record an offer of first degree murder, with a recommendation of mercy. The Trial Court inquired of defense counsel, Mr. Underwood, whether the Petitioner understood the offer and the potential penalties if he took the offer versus if the Petitioner went to trial on the murder, aggravated robbery and malicious wounding charges. Mr. Underwood responded that he had reviewed with the Petitioner his options, including that they had "talked about it extensively" about the potential life sentence.

During the hearing, the Trial Court explained to Petitioner the penalties that he faced if a jury found him guilty of first degree murder without a recommendation of mercy. Mr. Underwood put on the record the State's initial offer of pleading to robbery in exchange for a thirty (30) year sentence. The prosecutor explained that the offer was withdrawn because the co-defendant had pled guilty, certain additional witnesses had been located and other facts had developed.

After hearing several final pre-trial motions, the Trial Court allowed the Petitioner to meet with family members in the jury room to discuss his options, beginning at approximately

10:05 a.m. During the recess, the State and the Petitioner reached a plea agreement which included the following: Petitioner would plead guilty to second degree murder as an aider and abettor; he would not admit being the shooter; he would be exposed to a maximum sentence of forty (40) years; he would plead guilty to malicious wounding for shooting Joseph Hill; he would receive ten (10) years on the Hill shooting charge; the Trial Court would decide whether the Hill sentence would run consecutive or concurrent with the second degree murder plea; he would waive his right to a pre-sentence investigation and allocute that same day.

The Trial Court then carefully reviewed with Petitioner the constitutional rights he was waiving. Petitioner testified under oath that he was satisfied with his attorney and fully understood the plea agreement offered by the prosecutor. The Trial Court asked the Petitioner if he had been forced to give up his rights or to enter a plea. Petitioner responded in the negative. Additionally, Petitioner denied he had been promised anything other than the stated terms of the plea agreement. He denied he was under the influence of any alcohol, drugs or any mental defect or disability. The Petitioner affirmed his written guilty plea answers and executed the form.

The Petitioner pled guilty to being second degree murder, aider and abettor for the death of Rahim Tye and malicious wounding of Joseph Hill. He admitted he was present when shots were fired and a person was killed. He admitted shooting the victim in the malicious wounding charge. Mr. Underwood confirmed to the Trial Court that the Petitioner was not coerced into this plea, was not under the influence of drugs, alcohol and did not suffer from any mental disability that would prevent him from freely and voluntarily entering his guilty plea. On the record, co-defense counsel John Proctor concurred in Mr. Underwood's assessment.

The Trial Court accepted Petitioner's plea and found that the Petitioner had knowingly and intelligently waived his rights with adequate assistance of counsel. The Trial Court further found that Petitioner was not under the influence of drugs or alcohol and did he have any mental defect or disability. The Trial Court dismissed Counts II (robbery) and IV (the second malicious wounding charge).

During the plea hearing, in arguments to the Trial Court regarding sentencing, Mr. Underwood argued for concurrent sentences on the two felonies while the prosecutor argued for consecutive sentences. The Prosecutor advised the Trial Court that in 2000, the Petitioner had been indicted on burglary and malicious wounding, but pled to a battery; Petitioner had eight (8) previous misdemeanor convictions; and had been placed on probation and violated previously.

The Trial Court sentenced Petitioner to forty (40) years on the second degree murder, aiding and abetting and two (2) to ten (10) years on the malicious wounding, with the sentences to run concurrently.

No appeal was filed on behalf of the Petitioner.

On December 20, 2010, Petitioner filed a *pro se* habeas petition and refiled the same on April 20, 2011, citing grounds of equal protection of the law, disparity in sentencing, denial of grand jury transcripts, and ineffective assistance of counsel. On August 9, 2010, the Trial Court appointed Susan Van Zant as counsel for Petitioner. On December 22, 2010, Attorney Susan Van Zant filed an "Amended Petition for Habeas Corpus", assigning errors of ineffective assistance of counsel and competency of the advice given by counsel. On February 15, 2011, the Court granted Ms. Van Zant's Motion to Withdraw. Petitioner had also requested that Ms. Van Zant be relieved as counsel.

On March 29, 2011, the Court appointed Jeffrey Bowen as counsel for the Petitioner. On November 16, 2011, Mr. Bowen filed a "Losh List", asserting 15 grounds, but indicating that he would only argue three grounds: more severe sentence than expected, excessive sentence, and ineffective assistance of counsel. He also filed an "Amended Petition for Writ of Habeas Corpus and Memorandum in Support Thereof".

On May 21, 2012, the Court conducted an Omnibus hearing. The Petitioner was present in person and by counsel, Jeffrey Bowen. The State was represented by Assistant Prosecuting Attorney, Doug Reynolds. Petitioner's counsel subpoenaed Mark Underwood, Petitioner's retained trial counsel to testify at the Omnibus hearing. Petitioner waived his attorney-client privilege as to Mr. Underwood.

## CONCLUSIONS OF LAW

Petitioner raised four main arguments in his Petition and during oral argument:

**ARGUMENTS 1 AND 2:**

Petitioner argued that his sentence was more severe than expected and disproportionate when compared to his co-defendant. The Petitioner was charged with first degree murder, robbery, attempted first degree murder and malicious wounding.

For First Degree murder, the potential penalty is a life sentence. West Virginia Code Sections 61-2-2 and 62-3-15. For Robbery, the penalty is not less than ten years with no cap on the range. West Virginia Code Section 62-2-12. For Attempted First Degree Murder, the penalty is not less than three, but not more than fifteen years. West Virginia Code Section 61-11-8. For Malicious Wounding, the penalty is not less than two years but not more than ten years. West Virginia Code Section 61-2-9.

The Trial Court record reflects that on the morning of his trial, June 21, 2005, the Petitioner, along with counsel, appeared before the trial judge. The Trial Judge advised the Petitioner that if convicted of first degree murder, he would face a potential life sentence without the possibility of parole, if the jury did not recommend mercy. The Trial Judge further advised that if he was convicted with a recommendation of mercy, he would face a life sentence but would be eligible for parole after fifteen (15) years.

The Trial Court record reflects that the State had offered the Petitioner the opportunity to plea to murder, with a recommendation of mercy, thus making the defendant eligible for parole after fifteen (15) years. The Petitioner's co-defendant had pled guilty to second degree murder, received a twenty-five (25) year sentence, and was available to testify against the Petitioner at trial. The Petitioner, with the assistance and advice of his retained counsel, and after conferring with family members, agreed to plead guilty to second degree murder, aiding and abetting and malicious wounding.

The State recommended a sentence of not more than forty (40) years on the murder charge and not less than two (2) nor more than ten (10) on the malicious wounding charge. The robbery and the attempted murder charges were dismissed. The Trial Court record reflects that the Petitioner stated under oath and in writing that he was not forced or coerced into pleading guilty and that he was freely and voluntarily entering this plea agreement.

Further, the Petitioner stated he understood the terms of the plea agreement of not more than forty (40) years for the second degree murder, aiding and abetting charge and two (2) to ten (10) years for the malicious wounding charge. His signed the printed plea form stating the same penalties.

At the May 21, 2012, Omnibus Hearing the Petitioner acknowledged he was aware of the possible imposition of up to forty (40) years for murder and additional time for the malicious wounding. Petitioner argued that based on the discussions with his attorney, John Proctor (co-counsel with Mr. Underwood), that Petitioner "expected" to receive the same punishment as his co-defendant of twenty-five (25) years.

This Court finds that the Petitioner bargained for and received a sentence that he knew was possible. The fact that he expected a lower sentence is not a cause to set aside the plea or sentence as being unconstitutional. This Court finds that Petitioner's assigned error as to the forty (40) year exposure as being excessive is without merit. His participation in events that led to the shooting death of another is the most serious criminal act in state statutes. The fact that he received a sentence of forty (40) years on the day of his trial when he faced a possible life sentence if convicted without a recommendation of mercy was beneficial to the Petitioner. Nothing about the penalty rises to a level that would be shocking to this Court or any person in the general public.

**ARGUMENT 3**

This Court finds no merit in Petitioner's argument that his sentence was disparitive with his co-defendant. The Trial Court Judge cited the Petitioner's criminal history, his failure to plea until the day of his trial and the serious nature of the charges against the Petitioner as reasons for the imposed sentence. Sentencing is a matter within the discretion of the Trial Court and there was no abuse of discretion in imposing the maximum agreed upon sentence. *Hatcher v. McBride*, 221 W.Va. 760, 765, 656 S.E. 2d 789, 794, (2007), *citing: State v. Head*, 198 W.Va. 298, 306, 480 S.E.d 2d 507, 515, (1996); *State v. Sage*, 193 W.Va. 388, 406, 456 S.E.2d 487 (1995); and *Syllabus Point 4, State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1984).

As such, this Court finds that Petitioner has not produced adequate evidence to support his equal protection argument as set forth in Contention 3 of his petition.

**ARGUMENT 4**

In Argument 4, Petitioner alleges ineffective assistance of counsel primarily directed at his retained lead counsel Mark Underwood. The standard for reviewing ineffective assistance of counsel claims is provided in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *State v. Miller*, 459, S.E. 2d 114, 126 (W.Va. 1995). The *Strickland* test requires the Petitioner to prove that his counsel was objectively deficient and that but for his counsel's unprofessional conduct and errors, the results of his conviction would have been different.

Petitioner pled guilty to the two charges on the day of his trial. The morning of his trial, the State offered first degree murder with a recommendation of mercy. Plea negotiations by his counsel resulted in an offer of second degree murder, aiding and abetting and a malicious wounding. Defense counsel was able to reduce the Petitioner's sentencing exposure from the possibility of a life sentence if he went to trial and was convicted to a top end sentence of forty (40) years.

Petitioner's written brief makes general allegations that defense counsel failed to make a reasonable investigation of exculpatory and mitigating evidence; did not adequately develop Petitioner's defenses; and failed to obtain a sentence equal to the co-defendant. Petitioner failed to produce or introduce any credible evidence in support of these claims. The plea record reflects an extensive dialogue between the Trial Court and the Petitioner on the day of his trial. Petitioner was fully informed of his constitutional rights and testified, under oath, that he understood the charges against him, the terms of the plea agreement, that he was not incompetent

nor under the influence of drugs or alcohol (he had been incarcerated for an extended period, prior to plea) and he was fully and intelligently waiving his rights and entering his guilty pleas.

At the Omnibus Hearing, Petitioner testified that he was aware of the potential forty (40) year sentence, but felt Mr. Underwood was ineffective when "he could have made me more aware of the sentence that I was more likely to get." The plea transcript is clear, as was the written plea forms signed by Petitioner, that he was facing forty (40) years on the murder charge.

This Court finds the claim as to ineffective assistance is without merit and Petitioner has failed to meet his burden. Petitioner's hope to receive the same sentence as the co-defendant (25 years) is not a basis to grant the relief sought in this petition. The imposed sentence was within the agreed upon boundaries of the plea agreement. Further, the Petitioner expressed his satisfaction with his counsel at the plea hearing.

At his Omnibus Hearing, Petitioner verbally raised the issue that there was false and misleading grand jury testimony regarding whether or not a witness, Mrs. Marcum, had talked with Petitioner in a bar on the night of the incident. Petitioner raised this issue *pro se* and not in his written brief. Petitioner made no offer of proof as to the effect of this alleged false statement or what constitutional impact it had on the outcome of his conviction. The Petitioner made no showing of adverse effect and having pled guilty to the murder charge, this Court finds this issue to be without merit.

During his Omnibus Hearing, the Petitioner orally raised an apparent inconsistency between the Trial Court record and his written plea form regarding being under the influence of drugs at the time of his plea. His trial counsel, Mr. Underwood, did not have a recollection of why he wrote "yes" on the plea form. A careful review of the plea hearing transcript clearly demonstrates that the Trial Court ascertained that the Petitioner was not under the influence of

any mind-altering substance at the time of the plea. Petitioner at his plea specifically denied, under oath, being under the influence of anything causing a mental defect or disability.

WHEREFORE, this Court ORDERS that Petitioner's Writ of Habeas Corpus is DENIED and Petitioner's Amended Petition for Writ of Habeas Corpus is DISMISSED from the docket of this Court.

This is a Final Order. The Circuit Clerk shall remove this matter from the docket.

The Clerk of the Circuit Trial Court is directed to provide a certified copy of this Order to the following:

Jeffrey Bowen, Esquire, Counsel for Petitioner

Adonis Newsome, Petitioner

Douglas Reynolds, Assistant Prosecutor

Mark Underwood, Esquire

Entered this __12__ day of __Oct__, 2012.

Paul T. Farrell, Chief Judge

ENTERED Circuit Court Civil Order Book
No. _____ Page _____ this

STATE OF WEST VIRGINIA
COUNTY OF CABELL
I, ADELL CHANDLER, CLERK OF THE CIRCUIT COURT FOR THE COUNTY AND STATE AFORESAID DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE COPY FROM THE RECORDS OF SAID COURT ENTERED ON _____
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS _____ 2012
_____ CLERK
CIRCUIT COURT OF CABELL COUNTY WEST VIRGINIA